Avery, J.
The facts as stated in the petition in the case below, are briefly these: About the 23d day of April, 1835, George Arter, and Elizabeth his wife, conveyed by deed to their son, George Arter, two tracts of land situated in Richland county, one of them being in quantity 186 acres, 1 rood, and 27 perches; the other 13 acres, 2 roods, and 13 perches. The deed was given “ as well for and in consideration of- the natural" love and affection which they, the said George Arter, the elder, and Elizabeth his wife, had unto the said George Arter, junior, the son, as also for the better maintenance, support, livelihood, and advancement of the said George, junior, then at the age of his manhood and majority.” .
Under this deed, George the younger, took possession of- the lands, and after making lasting and valuable improvements thereon, died still seized of the lands, leaving a widow, Maria, and an infant son surviving him — this being the only child of the marriage. This infant son died, leaving his mother and said George Arter, senior, his grandfather, still surviving.
*37 The petitioners, Mary Taylor, Sarah ■ Pitts, and Nancy Reidler, are daughters of George Arter, senior, and Elizabeth, his wife, and sisters of George Arter, junior.
Before filing this petition, dower in the premises had been assigned according to law to the said Maria, the widow, and George Arter,' the infant’s grandfather, had departed this life.
The defendants, Michael and Henry, are brothers, and the other defendant, Susan Curren, is a sister of the petitioners, Mary, Sarah, and Nancy, all of them being children of said George Arter, senior, and Elizabeth his wife.
The prayer is, that partition be made of the premises among the said children of George Arter, senior, giving to each in fee simple a sixth part thereof.
In behalf of one of these children, who is a defendant in the ease, to wit, Susan Curren, and her husband, Joseph Curren, a plea is filed denying the right of the petitioners to have partition of the premises, in which it is averred that George Arter, senior, after the death of his son George, and of the infant grandson aforesaid, made a last will and testament thereby disposing of all his estate; that this will, which since his death has been admitted to probate, directs his executor to sell immediately all his property, both real and personal, with the proceeds to pay his debts and funeral expenses — furnish to his wife a good support during life — and to pay over all the balance to his daughter, the said Susan Curren.
Thus it will be seen that by the petition, the claim is set up that the premises passed, on the death of the infant, to the children of George Arter, senior ; and by the plea, that they passed to George ■ Arter, senior, himself.
To decide upon the conflicting claims of these parties, and, so far as applicable to them, to determine what is the law of descents in Ohio, this case is brought here.
The act regulating descents (Swan’s Statutes 286) com menees as follows:
*38 “ Sec. 1. That when any person shall die intestate, having title or right to any real estate of inheritance in this state, which title shall have come to such intestate by descent, devise, or deed of gift from any ancestor, such estate shall descend and pass in parcenary to his or her kindred in the following course:
“ First — To the children of such intestate or their legal representatives.
“ Second — If there be no children or their legal representatives, the estate shall pass to the brothers and sisters of the intestate, who may be of the blood of the ancestor from whom the estate came, or their legal representatives, whether such brothers and sisters be of the whole or the half blood of the intestate.”
This section, it will be perceived, treats of real estates which shall have come from a deceased anees tot, and of estates by deed of gift from an ancestor still living, and directs, in the two first clauses, the same course of descent, whether the title was derived from a living or a deceased ancestor. If therefore the present intestate had left children at his death, the premises would have passed to them.
So if George Arter, junior, had left other children by the mother of the intestate, or surviving her, had left children by a second marriage, the premises would have passed to the child ren in either ease, and not to George Arter, senior, who had executed the deed of gift.
The third clause of this section is in these words: “ If there be no brothers or sisters of the intestate, of the blood of the ancestor from whom the estate came, or their legal representatives, and if the estate came by deed of gift from an ancestor who may be living, the estate shall ascend to such ancestor.”
This clause, it is contended, may be properly so construed as to restore these premises to G;eorge Arter, senior, for they came from him by deed of gift; he was an ancestor in the language of the clause, and was living at the death of the intestate.
*39 But looking back to the part of the section already given, which treats of the estates whose descent is to be regulated, we •discover that it applies only to those which shall have come to such intestate by descent or devise, or by deed of gift from an ancestor. To this infant intestate the premises came by one of the first named modes, that is, by descent; they did not, therefore, come to him by deed of gift, and in the opinion of the court, they could not pass, under the third clause of the section, to George Arter, senior.
The statutes, then, in providing for the descent of estates of inheritance, gives a preference over an ancestor who has made a deed of gift, first to the children of the grantee and their legal representatives, and next to the brothers and sisters of the grantee, whether of the whole or the half blood. And, further, by the interpretation which we give to the statute, it was never intended to restore the estate to such ancestor, merely for the reason that he had first given it, if in any case it had once passed by descent from the grantee.
But it is argued that this ancestor, if he cannot take the estate under the claim that he once conveyed it by deed of gift, is entitled to it under the fifth clause of the above mentioned section. That fifth clause is as follows: “ If there be no brothers or sisters of the intestate or their legal representatives, the estate shall pass to the next of kin to the intestate of the blood of the ancestor from whom the estate came.” The argument is pressed with earnestness, that the civil law should govern, and not the common law, in determining who is the next of kin intended in this clause, and that in accordance with the better feelings of our nature, the grandfather is regarded as a nearer relative than uncles or aunts.
It has been the settled policy of the state, in its laws of descent, to direct the property of a deceased brother to pass to the brothers and sisters who survive him, to hold them in this respect, as nearer than the father, or at all events to prefer them to the father, even in a case where all the property had come by gift directly from him.
*40 If George Arter, the son, had died without a child, the estate now in controversy would, under the statute we are now considering, have passed to his brothers and sisters, and not to his father. Now it is difficult to understand why this law should be suffered to remain in force here, where statutes are so easily, and in poin.t of fact, so frequently subjected to alteration and repeal, if there be in reality any general sentiment or feeling opposed to this principle of descent. In putting a construction upon the statute, or upon parts of it, we, as a court, at least, would feel ourselves called upon to give some attention to the principle so recognized in the law of descents. If, then, this estate would have been properly settled upon the brothers and sisters of George Arter, senior, had he died without children, we cannot see a sufficient reason for diverting it from that course, because it has chanced to rest for a time in his infant son. We think that by a proper interpretation of the statute in question, the brothers and sisters of the intestate’s father, and not the grandfather, should take the inheritance.
This case comes here under a certiorari to the court of common pleas of Richland county, in which court a partition was ordered amongst the six surviving brothers and sisters of George Arter, senior, and this being, in the opinion of the court, in accordance with the law,' the proceedings of the oommon pleas are affirmed.